IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JERRY A JACKSON, JR., § § Plaintiff, § § v. § § JUSTIN STAMPS, *et al.*, § § Defendants. § § | Civil Action No. 4:21-cv-769-SDJ-KPJ |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Defendant Texas State Park Police Officer Rick Parks's ("Officer Parks") Amended Motion to Dismiss (the "Parks Motion") (Dkt. 14), and Pilot Point Police Department Corporal Justin Stamps ("Officer Stamps") and Pilot Point Police Officer Brad Nunez's ("Officer Nunez," and together with Officer Stamps and Officer Parks, "Defendants") Motion to Dismiss (the "Stamps and Nunez Motion", and together with the Parks Motion, the "Motions to Dismiss") (Dkt. 17). Plaintiff Jerry A Jackson, Jr. ("Plaintiff") filed a response (Dkt. 25) to the Motions to Dismiss (Dkts. 14, 17); and Officer Stamps and Officer Nunez filed a reply (Dkt. 26). For the reasons that follow, the Court recommends the Parks Motion (Dkt. 14) and the Stamps and Nunez Motion (Dkt. 17) be **GRANTED**.

**I.  BACKGROUND**

On October 4, 2021, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit against Defendants. *See* Dkt. 1. Plaintiff alleges Officer Stamps violated Plaintiff's rights by falsifying a report, racial profiling, conducting an illegal search and seizure, theft of property, and failing to render aid. *See* Dkt. 1 at 3. Plaintiff further alleges Officer Nunez and Officer Parks

1

violated Plaintiff's rights by conducting an illegal search and seizure, theft of property, and failing to render aid. *See id.* Specifically, Plaintiff alleges the following:

> I was traveling Southbound on Hwy 377 when my headlight went out[.] So I turn[e]d on my hazard light and pulled [to] the nearest business to check my lights. That[']s when my wife noticed a police car slowly pass us and park down the road from us. I was unable to fix the lights and was close to our destination[,] so we decided to drive to [our] destination up the street . . . Officer Justin Stamps pulled in be[hind]. . . This is when Officer Justin Stamps decided to turn his lights on and initiate a wellness stop because the [h]azard lights were still on . . . Officer Stamps stated the reason he stopped us was because the hazard lights were on and he was doing a wellness stop to make sure everything was okay. I told the officer we were having problems with our headlights and were [j]ust up the street from our destination. At this point Officer Stamps asked for our I.D., instead of rendering aid.
>
> After we complied Officer Stamps returned to the car and asked me to step out the car. When I reached for my seatbelt[,] Officer Stamps immediately grab[bed] for his gun saying what are you grab[b]ing for? I put my hand up and said my seatbelt[,] you just asked me to step out the car. That[']s when I took my seatbelt off and got [out of] the car [and] my wife stayed in the car. [Officer Stamps] ask[ed] me unrelated question[s] to the wellness stop [and] he showed no interest in helping me and my wife with the car. [Officer Stamps] asked me several[] times are you sure the car isn't stolen . . . [Officer Stamps] let [Plaintiff's wife] and her [d]ad go back and for[th] from one car to the other[,] unloading and loading things into the other car.
>
> After they were done[,] Officer Nunez showed up and started to search the car immediately without my consent. My wife had left with her [d]ad to drop off her things. Officer Parks of TPWD showed up at this point and again I was questioned about my car being stolen. Officer Stamps joined Officer Nunez in searching my car again without my consent. Officer Stamps stop[p]ed his search of my car and placed me in handcuffs and put me in the back of his car. Befor[e] I was put in the back of the car[,] I was searched by Officer Stamps and my money was t[aken] and he threw it on the ground. Officer Stamps ask[ed] me if my wife could take my car home[.] I said yes. Later, my wife told me that Officer Stamps told her that everything in that car belong[]s to him now, when she went back to pick up the car. This included my phone, [t]ablet, [d]eb[i]t cards and other items. My car was [s]eized and towed illegally leaving my wife stran[d]ed in Pilot Point at or about 2 [a.m.]

*Id.* at 4–7. Plaintiff requests the following relief: "Compensation for my stolen property as well as ment[a]l and [e]motional stress in the amount [of] 10 million USD." *Id.* at 4.

On July 21, 2022, Officer Parks filed the Parks Motion,[1] wherein Officer Parks argues Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff fails to state a claim, Officer Parks is entitled to qualified immunity, and Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Dkt. 14 at 2–7. Officer Parks argues, "Plaintiff's sole allegation against Officer Parks, that [Officer] Parks questioned Plaintiff about whether Plaintiff's car was stolen, is an 'unadorned, the defendant unlawfully-harmed-me' accusation which cannot form the basis of a constitutional claim." *Id.* at 4. Officer Parks argues *Heck* bars Plaintiff's claims because Denton County Jail records show that Plaintiff failed to comply with his obligation to register as a sex offender on February 2, 2021; Plaintiff was booked into Denton County Jail by Pilot Point Police on March 21, 2021, pursuant to a Dallas County warrant and new drug and firearm charges; and Plaintiff pleaded guilty to charges for Violation of Sex Offender Registration in the 462nd District Court on April 28, 2022. *See id.* at 6. Officer Parks further argues:

> There is no allegation or evidence that Plaintiff's conviction and sentence has been reversed, invalidated, expunged, or called into question by a federal writ of habeas corpus. This Court therefore cannot enter judgment against Officer Parks for any claim implicating the propriety of Plaintiff's arrest without also implying the invalidity of the standing criminal conviction resulting therefrom.

*Id.* at 6–7.

On August 29, 2022, Officer Stamps and Officer Nunez filed the Stamps and Nunez Motion (Dkt. 17), wherein they argue Plaintiff's claims are barred pursuant to *Heck* and Plaintiff's claims for false arrest, seizure of property, and failure to render aid do not overcome Officer Stamps and Officer Nunez's entitlement to qualified immunity. *See id.* at 10–15. Officer Stamps and Officer Nunez argue Plaintiff's allegations stem from Plaintiff's arrest on March 21, 2021 (the

---

[1] On July 21, 2022, Officer Parks filed a motion to dismiss (Dkt. 13). *See id.* On the same day, Officer Parks filed the amended motion to dismiss (Dkt. 14) to amend his earlier motion to dismiss (Dkt. 13). *See* Dkt. 14.

"March 21, 2021 Arrest"), which ultimately led to his plea agreement on April 28, 2022, in *State of Texas v. Jerry Antonio Jackson, Jr.*, Case No. F21-1696-462, in the 462nd District Court of Denton County. *See* Dkt. 17 at 5, 9. Attached to the Stamps and Nunez Motion are the following: Jail Records Search Results, *see* Dkt 17-1; Criminal Case Records Search Results, *see* Dkt. 17-2; Probable Cause Affidavits signed by Officer Stamps and dated March 21, 2021, *see* Dkt. 17-3; Denton County Booking Sheet dated March 21, 2021, *see* Dkt. 17-4; "Defendant's Acknowledgement of Alleged Offenses, Rights and Bonds" dated March 21, 2021, *see* Dkt. 17-4; Jail Records Search Detail, *see* Dkt. 17-5; *State of Texas v. Jackson, Jerry Antonio, Jr.*, No. 21-600607-A, Magistrate's Order of Commitment After On-View Arrest dated March 21, 2021, *see* Dkt. 17-6; *State of Texas v. Jackson, Jerry Antonio, Jr.*, No. F21-1696-462, Criminal Case Docket, *see* Dkt. 17-7; Criminal Indictment, No. F21-1696-462, *see* Dkt. 17-8; *State of Texas v. Jackson, Jerry Antonio, Jr.*, No. F21-1696-462, Plea Bargain Agreement dated April 28, 2022, *see* Dkt. 17-9; and *State of Texas v. Jackson, Jerry Antonio, Jr.*, No. F21-1696-462, Judgment of Conviction by Court—Waiver of Jury Trial, *see* Dkt. 17-10.

On November 1, 2022, the Court ordered Plaintiff file his response to the Motions (Dkts. 14, 17), as Plaintiff had not yet filed his response and the deadline to respond to the Motions was September 12, 2022. *See* Dkt. 24. On November 23, 2022, Plaintiff filed his response to the Motions, entitled "Motion of Objection to Defendant's Motion to Dismiss" (Dkt. 25), wherein he argues Defendants violated his Fourth and Fourteenth Amendment rights "due to (Police Illegal-Search and Seizure) on the issue no probable cause was sustained, thence the ground[s] for a search and seizure did not exist, thereby depriving the Plaintiff [of his] constitutionally protected right[s]." *Id.* at 1. Plaintiff argues, "Defendant[s] are not entitled to qualified immunity because there is a dispute [because] Defendant[s] did not have Plaintiff's consent to search his property (car) and

reasonable suspicion was not sufficient to enter the vehicle when consent had been denied." *Id.* Officer Stamps and Officer Nunez filed a reply (Dkt. 26), wherein they argue Plaintiff's response ignores the *Heck* bar and Plaintiff does not overcome qualified immunity. *See generally* Dkt. 26.

On December 29, 2022, Plaintiff filed the Motion for Leave to Amend (Dkt. 28), wherein Plaintiff asserts the following:

> Plaintiff Jackson [r]espectfully petitions the Court to grant [l]eave pursuant to Rules of [Federal] Civil Procedure Rule 15(2) Other Amendments. The Court should freely give leave when [j]ustice so [r]equires.
>
> [F.] R. C. P. Rule 15
>
> Pursuant to [F.] R.[]C.P. Rule 15(c)(1)(B) and (2)(d) Supplemental Pleadings. The Court may permit supplementation[.] The original pleading is defective in stating a claim [for] relief [that] can be granted upon.

*Id.* at 1. On December 30, 2022, Officer Stamps and Officer Nunez filed a response in opposition (Dkt. 29), wherein they argued Plaintiff's request for leave should be denied because the Motion for Leave to Amend did not explain why leave should now be granted, there would be undue prejudice as Defendants are entitled to their immunity defenses, and Plaintiff did not explain "how Plaintiff's claims have changed nor what parties he intends to add." *Id.* at 3–5. Officer Parks did not file a response to the Motion for Leave to Amend (Dkt. 28). On February 2, 2023, the Court granted the Motion for Leave to Amend (Dkt. 28) and provided Plaintiff fourteen (14) days to file his amended complaint from receipt of the Court's February 2, 2023 Order. *See* Dkt. 30. Plaintiff acknowledged receipt of the Court's February 2, 2023 Order (Dkt. 30) on February 14, 2023. *See* Dkt. 31. To date, Plaintiff has not filed an amended complaint.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, and any document attached to the motion to dismiss that is central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

The Court is also mindful that it "must construe the pleadings of *pro se* litigants liberally to prevent the loss of rights due to inartful expression." *Perez v. Dall. Cnty. Jail*, No. 3:20-cv-01761, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (internal citations omitted); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). "But 'liberal construction does not require that the Court . . . create causes of action where there are none.'" *Rolan v. LaSalle Sw. Corr.*, No.

3:20-cv-2842, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)).

### III. ANALYSIS

#### A. Theft of Property and Failure to Render Aid

"Section 1983 is not a general tort remedy available to 'all who suffer injury at the hands of the state or its officers.'" *Waddleton v. Rodriguez*, 750 F. App'x 248, 252 (5th Cir. 2018) (per curiam) (quoting *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981)). To state a claim under Section 1983, "'a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States.'" *Martinez v. City of North Richland Hills*, 846 F. App'x 238, 241 (5th Cir. 2021) (per curiam) (quoting *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)).

Plaintiff alleges Officer Stamps, Officer Nunez, and Officer Parks violated Plaintiff's constitutional rights through the theft of his property and failure to render aid. *See* Dkt. 1 at 3. Defendants argue Plaintiff fails to state a claim for either theft of property or failure to render aid. *See* Dkt. 14 at 3–5; Dkt. 17 at 14–15.

To the extent Plaintiff is alleging a constitutional violation related to the seizure of his property at the time of his March 21, 2021 Arrest, i.e., his theft of property claim, he cannot assert such a claim under Section 1983. Even if Plaintiff had alleged the requisite facts, a claim for "random and unauthorized intentional deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy." *Franklin v. Hull*, No. 4:08-cv-377, 2009 WL 144502, at *2 (N.D. Tex. Jan. 21, 2009) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (discussing *Parratt v. Taylor*, 451 U.S. 527 (1981);

7

*Hudson v. Palmer*, 468 U.S. 517 (1984)). Texas common law allows recovery of monetary damages for loss of property that has been taken without authorization. *See id.* at *2 (citing *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *Beam v. Voss*, 568 S.W.2d 413, 420–21 (Tex. Civ. App.—San Antonio 1978, no writ)). "Because Texas provides an adequate post-deprivation remedy, [the plaintiff's] claim concerning the taking of his currency and personal property does not rise to a violation of the Due Process Clause." *Id.* at 2 (collecting cases); *see also Friemel v. Drewett*, No. 6:21cv238, 2021 WL 4765504, at *2 (E.D. Tex. Aug. 24, 2021), *R. & R. adopted*, 2021 WL 4743179 (E.D. Tex. Oct. 12, 2021) ("Because Texas provides an adequate post-deprivation remedy, Plaintiff's alleged property loss does not state a claim for any constitutional violation." (citing *Hudson*, 468 U.S. at 536)). Thus, such a claim is not cognizable under Section 1983.

Additionally, Plaintiff's claim regarding failure to render him aid is not a cognizable claim under Section 1983. Plaintiff's failure to render aid claim is related to the alleged issues with Plaintiff's vehicle's headlights. See Dkt. 1 at 5 ("I told the officer we were having probl[e]ms with our headlights and we were [j]ust up the street from our destination. At this point Officer Stamps asked for our I.D., instead of rendering aid."). In *DeShaney*, the Supreme Court held that the "Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (collecting cases). Plaintiff's claim is not cognizable under Section 1983, as state officers are under no affirmative duty to provide aid to individuals from private dangers, and Plaintiff cannot plausibly allege that Defendants were under any duty to aid Plaintiff with his vehicle's headlights. *See Saenz v. Heldenfels Brothers, Inc.*, 183 F.3d 389, 391 (5th Cir. 1999) (holding

8

officer did not violate the plaintiff's rights by ordering another officer "to refrain from arresting a suspected drunk driver . . . [because] [t]he guarantee of due process has been limited to situations *where a state officer deliberately chooses* to deprive a person of life, liberty, or property" (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 127 n.10 (1992))) (emphasis added); *see also Rios v. City of Del Rio*, 444 F.3d 417, 423–25 (5th Cir. 2006) (collecting cases). Hence, Plaintiff's failure to render aid claim is not cognizable under Section 1983.

Therefore, Plaintiff cannot state a claim under Section 1983 for theft of property and failure to render aid.

### B. Falsifying a Report, Racial Profiling, and Illegal Search and Seizure

Under *Heck*, to recover monetary damages or be granted declaratory or injunctive relief, a plaintiff must show that their conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck*, 512 U.S. 477 at 486–87; *see also Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (per curiam) ("[The plaintiff's] claim, whether for damages, declaratory judgment, or injunctive relief, is similarly not cognizable in a § 1983 action because it implies the invalidity of his conviction, and he has not shown his conviction to have been overturned or otherwise declared invalid.") (citing *Heck*, 512 U.S. at 486). "The fundamental rationale behind the *Heck* bar is that '[c]hallenges to the *validity* of any confinement or to particulars affecting its duration are the province of habeas corpus,' whereas 'requests for relief turning on *circumstances of confinement* may be presented in a § 1983 action.'" *Santos v. White*, 18 F.4th 472, 476 (5th Cir. 2021) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam)).

"Determining whether a particular claim is barred by *Heck* is analytical and fact-intensive and requires the court to consider the specifics of the individual claim," and a court must assess "whether a claim is temporally and conceptually distinct from the related conviction and sentence." *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018) (quotation omitted); *see also Bush v. Strain*, 513 F.3d 492, 497–98 (5th Cir. 2008) ("[T]he determination of whether such claims are barred [by *Heck*] is analytical and fact-intensive, requiring us to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction."). The question under *Heck* is whether a plaintiff's claim is "necessarily inconsistent" with his conviction, or whether it can "coexist" with the conviction "without calling it into question." *Smith*, 900 F.3d at 185 (quotation omitted). Furthermore, *Heck* is not a jurisdictional bar, and the Fifth Circuit has emphasized *Heck* is a defense that a party must assert. *See Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022) ("When it comes to *Heck* in particular, our court and others have recognized that it is a defense a party must assert as opposed to some sort of jurisdictional bar.") (collecting cases); *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) ("We have routinely characterized a *Heck* dismissal as one for failure to state a claim . . . We therefore take this opportunity to reiterate that *Heck* does not pose a jurisdictional bar to the assertion of § 1983 claims.") (collecting cases).

Plaintiff alleges Officer Stamps violated Plaintiff's Fourth and Fourteenth Amendment rights by falsifying a report, racial profiling, and conducting an illegal search and seizure.[2] *See* Dkt. 1 at 3. Plaintiff also alleges Officer Nunez and Officer Parks violated Plaintiff's rights by conducting an illegal search and seizure. *See id.* Plaintiff further argues Defendants violated his

---

[2] In reviewing Plaintiff's complaint (Dkt. 1), it is not clear what "report" was allegedly falsified by Officer Stamps, though Plaintiff appears to possibly refer to an arrest report. *See generally id.*

Fourth and Fourteenth Amendment rights "due to (Police Illegal-Search and Seizure) on the issue no probable cause was sustained, thence the ground[s] for a search and seizure did not exist, thereby depriving the Plaintiff [of his] constitutionally protected right[s]." Dkt 25 at 1. Defendants contend the *Heck* doctrine bars Plaintiff's claims, as the March 21, 2021 Arrest he is asserting violated his constitutional rights led to the plea agreement for Violation of Sex Offender Registration (the "Plea Agreement") and conviction (the "Conviction"). *See* Dkt. 14 at 6–7; Dkt. 17 at 11.

The Court takes judicial notice of Plaintiff's Plea Agreement and Conviction stemming from his March 21, 2021 Arrest. The Plea Agreement and Conviction are public records that are judicially noticeable.[3] *See Ratcliff v. Rainwater*, 93 F. App'x 623, 625 (5th Cir. 2004) (per curiam) ("Appellees submitted the conviction of [the plaintiff], a matter of public record, with their motion to dismiss. The district court may refer to matters of public record when deciding a Rule 12(b)(6) motion to dismiss." (citing *Davis v. Bayless,* 70 F.3d 367, 372 n.3 (5th Cir. 1995))); *see also Harness v. Longview Police Dep't*, No. 6:21cv102, 2022 WL 1651928, at *2 (E.D. Tex. Apr. 19, 2022), *R. & R. adopted*, 2022 WL 1651916 (E.D. Tex. May 24, 2022) (taking judicial notice of the plaintiff's plea agreement in considering whether *Heck* bar was applicable); *Moore v. Hous. Police Dep't*, No. H-17-2505, 2018 WL 4443140, at *3 (S.D. Tex. Aug. 15, 2018) ("Courts may take judicial notice of the existence of court orders, as they are matters of public record. In this case, the guilty plea is a matter of public record and, therefore, the court may take judicial notice of the existence of these documents." (citing *Basler v. Barron*, No. H-15-2254, 2016 WL 1672573,

---

[3] *See The State of Texas vs Jerry Antonio Jackson, Jr.*, DENTON COUNTY JUDICIAL RECORDS, https://justice1.dentoncounty.gov/PublicAccessDC/Search.aspx?ID=100&NodeID=1251%2c1252%2c1253%2c1254%2c1255%2c1256%2c1260%2c1265%2c1270%2c1280%2c72004%2c72005%2c72006%2c72007&NodeDesc=---------+All+District+Courts+------ (search in search bar for case, enter case number "F21-1696-42" and follow link for "Jackson, Jerry Antonio, Jr.") (last visited March 2, 2023).

11

at *2 (S.D. Tex. Apr. 27, 2016))). The Court therefore turns to whether the Plea Agreement and Conviction bar Plaintiff's claims under the *Heck* doctrine.

When a plaintiff is challenging "the existence of probable cause", his claims are "by their essence . . . collateral attacks on [the] criminal judgment's validity." *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) (per curiam) (citing *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)). Plaintiff's Section 1983 claims for falsifying a report and conducting an unlawful search and seizure are ultimately challenging the probable cause for his March 21, 2021 Arrest. Therefore, these claims are barred by *Heck*.[4] *See Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 275, 278 (5th Cir. 2015) (per curiam) ("[The plaintiff] argues his arrest was without probable cause. His conviction, though, required that there be evidence sufficient to find guilt. Consequently, seeking in this suit to show a lack of probable cause is in essence a collateral attack on the conviction . . . The district court properly held that [the plaintiff] could not proceed on any claim regarding the 2012 arrest.") (citing *Wells*, 45 F.3d at 95).

Additionally, courts in the Fifth Circuit have routinely found that *Heck* bars claims for racial profiling when Plaintiff asserts such a claim to challenge the probable cause of the search or seizure. *See Agnew v. Abe Factor and Campbell*, No. 4:17-cv-527, 2019 WL 2995908, at *5 (N.D. Tex. July 9, 2019) (finding the plaintiff's claims that, *inter alia*, he was arrested without probable cause and his equal protection rights were violated by racial profiling were barred by *Heck*, as a favorable ruling "would necessarily imply the invalidity of his convictions in the state criminal cases") (collecting cases); *Santos v. Welty*, No. 5:20-cv-205, 2021 WL 1799828, at *7 (N.D. Tex.

---

[4] Because the Court finds Plaintiff's claims for falsifying a report and conducting an illegal search and seizure are barred under the *Heck* doctrine, the Court does not reach the merits of whether Plaintiff has sufficiently alleged such claims.

12

Mar. 25, 2021), *R. & R. adopted*, 2021 WL 1792130 (N.D. Tex. May 5, 2021) ("Accordingly, *Heck* bars [the plaintiff's] remaining claims against [the defendants], i.e., those for unlawful search and seizure due to an alleged lack of probable cause, forged search warrant signatures, racial profiling, and fabrication of evidence.") (collecting cases); *Foster v. Lazalde*, No. EP-18-cv-49, 2018 WL 1251923, at *3 (W.D. Tex. Mar. 9, 2018) (collecting cases). Accordingly, to the extent Plaintiff's racial profiling claim is challenging the probable cause for the March 21, 2021 Arrest, such a claim is barred by *Heck*. However, in the alternative, Plaintiff does not allege any facts as to racial profiling and only asserts "racial profiling" under the heading "Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you" along with his claims for failure to render aid *See* Dkt. 1 at 3. Plaintiff's lack of any allegation as to such a claim is insufficient to state a racial profiling claim. *See Santos*, 2021 WL 1799828, at *6 n.7 ("In the alternative, even if it were allowed to proceed, his conclusory claim, unsupported by accompanying facts, would nevertheless be subject to dismissal." (citing *Parris v. Dall. Police Dep't*, No. 3:12-CV-0296-G-BH, 2012 WL 2520779, at *5–6 (N.D. Tex. June 5, 2012), *R. & R. adopted*, 2012 WL 2513470 (N.D. Tex. June 29, 2012))).

It is also immaterial with what specific crimes Plaintiff was charged or whether Plaintiff was convicted on every count charged. *See Cormier*, 493 F. App'x at 583 (citing *Wells*, 45 F.3d at 95); *see also Greer v. Harris Cnty. Sheriff's Office*, No. H-21-2367, 2021 WL 5636698, at *2 (S.D. Tex. Nov. 29, 2021) ("Plaintiff cannot pursue his [S]ection 1983 claims as to the two convictions as he does not show that they have been invalidated, set aside, or otherwise declared unconstitutional . . . Plaintiff fares no better under *Heck* as to the three dismissed criminal charges. Although the charges were dismissed without a trial, the criminal court records show that the State dismissed the charges based on plaintiff's guilty pleas in the other two cases, and not on the merits

of the charges or for lack of probable cause."). As Plaintiff has not introduced evidence showing the Conviction has been reversed or otherwise called into question, his Section 1983 claims related to the March 21, 2021 Arrest cannot proceed, as they "risk[] 'undermining the validity of his criminal conviction[]' because the same underlying events triggered those charges." *Cormier*, 493 F. App'x at 584 (quoting *Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008)).

Therefore, Plaintiff's Section 1983 claims related to his March 21, 2021 Arrest for falsifying a report and allegedly conducting an illegal search and seizure are barred under the *Heck* doctrine. Furthermore, to the extent Plaintiff is seeking to assert a racial profiling claim as to the probable cause for the March 21, 2021 Arrest, such a claim is barred under the *Heck* doctrine; and, in the alternative, Plaintiff has failed to sufficiently allege facts to state such a claim to the extent it is not related to the probable cause for the March 21, 2021 Arrest.

### C. Leave to Amend

Generally, a *pro se* plaintiff should be allowed to amend his complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (per curiam) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). A district court may consider the following factors in deciding whether to grant leave to amend: undue delay; bad faith or dilatory motive on the movant's part; repeated failures to cure deficiencies by previous amendments allowed; undue prejudice to the opposing party; and futility of the amendment. *Id.* (citing *Schiller*, 342 F.3d at 566). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Brewster*, 587 F.3d at 768 (citation

omitted). The Court also can deny leave to amend where such an amendment would be futile. *See, e.g.*, *Isom v. U.S. Dep't of Homeland Sec.*, No. 4:20-cv-948, 2021 WL 2232052, *3 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021) (collecting cases). Furthermore, "'[w]hether leave to amend should be granted is entrusted to the sound discretion of the district court.'" *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).

As discussed above, Plaintiff himself admitted his pleadings are "defective." The Court in fact gave Plaintiff leave to amend pursuant to his request (Dkt. 28) after the Motions to Dismiss (Dkts. 14, 17) were filed. *See* Dkt. 30; *see also*, *supra*, at 5. To date, Plaintiff has failed to file an amended complaint or otherwise allege any facts that would suggest he has a viable claim. *See Shope v. Texas Dep't of Criminal Justice,* 283 F. App'x. 225, 226 (5th Cir. 2008) ("[The plaintiff] does not allege what facts he would include in an amended complaint. Therefore, [the plaintiff] has not shown that the district court abused its discretion in dismissing his complaint.") (citing *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993)).

As Plaintiff was given an opportunity by the Court to amend his complaint and Plaintiff failed to do so, Plaintiff should be denied leave to amend his complaint.

## IV. RECOMMENDATION

For the reasons set forth above, the Court recommends the Parks Motion (Dkt. 14) and Stamps and Nunez Motion (Dkt. 17) be **GRANTED**. The Court recommends Plaintiff's claims for theft of property and failure to render aid be **DISMISSED WITH PREJUDICE**. The Court further recommends Plaintiff's claims related to the March 21, 2021 Arrest for falsifying a report and conducting an illegal search and seizure be **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met. To the extent Plaintiff is seeking to assert a racial

15

profiling claim as to the probable cause for the March 21, 2021 Arrest, the Court recommends such a claim be **DISMISSED WITH PREJUDICE** to its being asserted again until the *Heck* conditions are met. Furthermore, in the alternative, the Court recommends Plaintiff's racial profiling claim be **DISMISSED WITH PREJUDICE** for failure to state a claim to the extent it is not related to the probable cause for the March 21, 2021 Arrest.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 3rd day of March, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE