THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JERRY A JACKSON, JR., § <br> § <br> v. § <br> § <br> JUSTIN STAMPS ET AL § <br> § <br> § | Civil Action No. 4:21-cv-769-SDJ-KPJ |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 3, 2023, the Magistrate Judge entered proposed findings of fact and a recommendation (the "Report"), (Dkt. #32), that Defendant Texas State Park Police Officer Rick Parks's ("Officer Parks") Amended Motion to Dismiss (the "Parks Motion"), (Dkt. #14), and Pilot Police Department Corporal Justin Stamps ("Officer Stamps") and Pilot Point Police Officer Brad Nunez's ("Officer Nunez, and together with Officer Stamps and Officer Parks, "Defendants") Motion to Dismiss (the "Stamps and Nunez Motion"), (Dkt. #17) be granted.

Accordingly, the Magistrate Judge recommended the following: Plaintiff Jerry A Jackson, Jr.'s ("Plaintiff") claims for theft of property and failure to render aid be dismissed with prejudice; Plaintiff's claims related to the March 21, 2021 arrest for falsifying a report and conducting an illegal search and seizure be dismissed with prejudice to their being asserted again until the *Heck* conditions are met; to the extent

1

Plaintiff is seeking to assert a racial profiling claim as to the probable cause for the March 21, 2021 arrest, such a claim be dismissed with prejudice to its being asserted again until the *Heck* conditions are met; and, in the alternative, Plaintiff's racial profiling claim be dismissed with prejudice for failure to state a claim to the extent it is not related to the probable cause for the March 21, 2021 arrest. *See id.* The Magistrate Judge further recommended Plaintiff not be given leave to amend as Plaintiff admitted his pleadings were "defective," and Plaintiff had already been given leave to amend pursuant to his request, (Dkt. #28), but failed to file an amended complaint or otherwise allege any facts that would suggest he has a viable claim.

On March 7, 2023, Plaintiff filed the "Motion to Introduce into Evidence Witness Affidavit" (the "Motion to Introduce"), (Dkt. #33). In the Motion to Introduce, (Dkt. #33), Plaintiff seeks to introduce an affidavit signed by Sharica Phillips, (Dkt. #33-1), who is allegedly a witness with personal knowledge of the March 21, 2021 arrest underlying Plaintiff's claims. This affidavit, which is unsworn and not made under penalty of perjury, recounts similar facts as to Plaintiff's allegations, including that Plaintiff's vehicle headlights were broken, police officers approached the car and requested identification, Sharica Phillips's family later arrived to help remove items from Plaintiff's vehicle, and an officer yelled that the car and "everything in it" belonged to the officer. *See* Dkt. #33-1 at 1–3.

Having received the Report of the United States Magistrate Judge, and no timely objections being filed, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's

Report as the findings and conclusions of the Court. Furthermore, the Motion to Introduce, (Dkt. #33), provides additional support to the Magistrate Judge's recommendation that Plaintiff not be permitted to amend. The Motion to Introduce, (Dkt. #33), is largely duplicative of Plaintiff's pleadings that Plaintiff had himself considered "defective" and does not suggest Plaintiff has a viable claim.

Accordingly, the Parks Motion, (Dkt. #14), and Stamps and Nunez Motion, (Dkt. #17), are **GRANTED**. Plaintiff's claims for theft of property and failure to render aid are **DISMISSED WITH PREJUDICE**. Plaintiff's claims related to the March 21, 2021 arrest for falsifying a report and conducting an illegal search and seizure are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met. To the extent Plaintiff is seeking to assert a racial profiling claim as to the probable cause for the March 21, 2021 arrest, such a claim is **DISMISSED WITH PREJUDICE** to its being asserted again until the *Heck* conditions are met. Furthermore, in the alternative, Plaintiff's racial profiling claim is **DISMISSED WITH PREJUDICE** for failure to state a claim to the extent it is not related to the probable cause for the March 21, 2021 arrest.

All relief not previously granted is **DENIED**. The Clerk is directed to **CLOSE** this civil action.

**So ORDERED and SIGNED this 28th day of March, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

3